ELIJAH BIGELOW & another *vs.* CADWALLADER F. BLANCHARD & another.

A bill of exceptions may be tendered and allowed in the court of common pleas, after a motion to set aside the verdict, as against evidence, has been filed and withdrawn.

THIS was an action of covenant on an agreement under seal by the defendants to the plaintiffs, to indemnify them against a payment of $700 made by them to Perley Hale, at the request of the defendants, after the plaintiffs had been summoned and charged as the trustees of Hale.

The case was tried before *Mellen*, J., in the court of common pleas.

After a verdict for the plaintiffs, the defendants made and filed a written motion to set aside the same, as being against the weight of evidence. But after the motion had been on file for several days, the defendants withdrew it, and tendered a bill of exceptions to the rulings and instructions of the judge at the trial. The plaintiffs objected to the allowance of the exceptions, on the ground, that the making and filing of the motion to set aside the verdict was a waiver thereof; but the objection was overruled and the exceptions allowed; whereupon the plaintiffs excepted.

The defendants' exceptions, and the grounds of them, are sufficiently stated in the opinion of the court.

*B. F. Butler*, for the defendants.

*J. G. Abbott*, for the plaintiffs.

SHAW, C. J. It is difficult to perceive what point there is for the court in this case. It is objected that these exceptions

ought not to have been allowed, because the party taking them had previously made a motion for a new trial in the court of common pleas. But as that motion was withdrawn, before it was acted upon, and as it was a motion for a new trial, as for a verdict against evidence, and not on the ground of any misdirection, or other matter of law, we think the case distinguishable from that of *Sylvester* v. *Mayo*, 1 Cush. 308.

But supposing the exceptions well taken and allowed, what question do they present? The plaintiffs declare on a bond, conditioned to indemnify them, they having been summoned and charged as trustees, in paying over the funds to the principal debtor. The plaintiffs were called on to pay the plaintiff in the trustee suit, and were compelled to do so. This was plainly a breach of the obligation.

But the defendant proposed to prove, that the plaintiff had received the amount, which he had been compelled to pay, from the principal debtor, to whom he had thus improvidently paid it. It may be well doubted, whether this could have saved the forfeiture, for the plaintiff had been damnified by being compelled to pay. But the fact, if established, though it might not have saved the forfeiture of the bond, would have reduced the claim to nominal damages. The mode of proof relied on by the defendant was this, that the plaintiffs drew a bill of exchange on the principal defendant for the amount; that the defendant paid a part of it; that this in law was an acceptance of the bill; and that such acceptance was a payment of the simple contract debt.

But upon the offer of the evidence, although it appeared that after the plaintiff was charged in the trustee suit, he forwarded to his agent in Michigan a written request to Hale, the debtor, also in Michigan, requesting him to pay his agent the amount which the plaintiff had improvidently paid to him; yet there was no evidence to show, that this was a negotiable draft or bill of exchange, or any thing more than a written authority to the agent, to receive the money.

But what is perhaps more to the purpose, and quite decisive, the jury found upon the evidence that no part of the draft was paid; of course the proof of acceptance by part payment

failed; and of course there was no evidence of payment or acceptance; and as the defence wholly depends on this, it fails for want of proof, the *onus* being on the defendant.

Whether the payment of a part of a draft, by the drawee, without further proof, assenting or declining to accept, would be of itself an acceptance, is a question of some nicety, which would require a careful collation of the authorities, if the decision of the case depended at all on it; but the finding of the jury renders it wholly immaterial.

*Exceptions overruled.*